IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. FISCHER,

    Plaintiff,

v.                                                     No. CV 12-0673 JH/CEG

CORRECTIONAL MEDICAL SERVICES, ET AL.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's Motion to Amend Complaint (Doc. 43). Plaintiff filed the motion in response to an order (Doc. 41) that directed him to identify the individuals who allegedly denied him medical necessities. As noted in an earlier order (Doc. 33), Plaintiff alleges that he has been denied special shoes and oxygen treatment necessitated by his diabetic condition. In his motion to amend, Plaintiff identifies certain individuals who allegedly denied him necessary medical treatment. The motion to amend will be granted and construed as Plaintiff's amended complaint.

    The Court reviews Plaintiff's amended civil rights complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure. In the amended complaint, Plaintiff alleges that Dr. Donna Deming and Peter Loraia failed to provide him necessary treatment, and Sergeant Cody refused his requests to be taken to the infirmary. After these denials, Plaintiff "exercised [his] chain of command" by seeking recourse from a unit manager and a deputy warden. The complaint also contains a separate list, with no supporting factual allegations, of a number of individuals who "played a deciding, or contributing factor, of my medical treatment."

Plaintiff's allegations against the unit manager, deputy warden, and the "contributing" individuals do not support claims under 42 U.S.C. § 1983. The failure of supervisory personnel--unit manager and deputy warden--to respond to Plaintiff's complaints did not implicate them in the alleged constitutional violations. "Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' " *Phillips v. Tiona*, No. 12-1055, 2013 WL 239891, at *6 (10th Cir. Jan. 23, 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)). "Merely sending grievances to a warden is not enough to attach liability, and the warden's response signified nothing more than a reasonable reliance on the judgment of prison medical staff. We agree with another panel of this court which stated that such reliance 'negates rather than supports liability.' " *Phillips*, 2013 WL 239891, at *6 (citation omitted). And as to the "contributing" individuals, the amended complaint makes no factual allegations of their personal involvement in the asserted constitutional violation and thus fails to state claims against them. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). The Court will dismiss Plaintiff's claims against these Defendants.

Plaintiff also submitted a copy of a recent inmate account statement (Doc. 42). *See* 28 U.S.C. § 1915(b)(2). On the basis of Plaintiff's financial information, the Court will order a partial filing fee payment of $17.80. Failure to comply with statutory filing fee requirements may result in dismissal of the complaint.

IT IS THEREFORE ORDERED that, within twenty-one (21) days from entry of this Order, Plaintiff submit a partial filing fee payment of $17.80;

IT IS FURTHER ORDERED that Plaintiff's motion to amend (Doc. 43) is GRANTED and is construed herein as the amended complaint; the Clerk is directed to add Defendant Loraia to the docket; and Plaintiff's claims against all other current or newly named Defendants except Deming

and Cody are DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the amended complaint (Doc. 43), for Defendants Deming, Loraia, and Cody.

_____
UNITED STATES DISTRICT JUDGE