## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. FISCHER,

    Plaintiff,

v.                                                                                  No. CV 12-0673 JCH/CG

PETER LARAIA, ET AL.,

    Defendants.

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the United States Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD") filed on December 19, 2013, (Doc. 104); Plaintiff's *Motion to Amend Their Continue This Case* filed December 31, 2013, (Doc. 107), and *Plaintiff['s] Motion in Opp[o]sition to Proposed Finding and Recommended Disposition* (together the "Objections") filed on December 30, 2013, (Doc. 108); and *Defendants Deming and Laraia's Response to "Plaintiff['s] Motion in Opp[o]sition to Proposed Finding[s] and Recommended Disposition* ("Response") filed on January 7, 2014, (Doc. 111), which was subsequently joined by Defendant Dunning, (Doc. 118). Plaintiff has also filed numerous documents in reply to the Response, (Docs. 109–110, 115–17, 119–20), which will be treated collectively as the "Reply."[1]

This Court has conducted a *de novo* review of the record, and adopts the Magistrate Judge's *Proposed Findings and Recommended Disposition.* After fully considering and analyzing the Defendants' request to dismiss this case with prejudice, the Magistrate Judge recommended that *Defendants Deming and Laraia's Motion to Dismiss* ("Motion to

---

[1] Even though Plaintiff has not requested leave to reply, it is in the interests of justice to consider these filings and the Court will accept them.

Dismiss"), filed on October 4, 2013, (Doc. 73), joined by Defendant Cody Dunning on October 7, 2013, (Doc. 75), be granted, and that all of Plaintiff's claims against Defendants be dismissed with prejudice.

## I.    Background

Plaintiff claims that while he was incarcerated at Western New Mexico Correctional Facility ("WNMCF") in Grants, New Mexico, Defendants were deliberately indifferent to his serious medical needs by arbitrarily refusing him medical treatment associated with the management of his diabetes, which violated his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 1 at 1, 2–3; Doc. 43 at 2–3). Plaintiff alleges that when he entered the prison system, he informed WNMCF staff that he suffered from diabetes and needed special treatment. (Doc. 88 at 3). He contends that Defendants failed to provide him with an oxygen machine, diabetic shoes, diabetic hose, wheelchair transport to and from the infirmary, appointments with foot specialists, and regular physician appointments necessary for Plaintiff's maintenance and treatment of his diabetic condition. (Doc. 43 at 2–3). Plaintiff indicates his condition existed prior to his incarceration at WNMCF, and therefore, his treatment plan in prison should have been based off his "VA records." (Doc. 43 at 2).

Despite making his medical treatment the only issue in this case, Plaintiff has been resistant to releasing his medical records to Defendants. Early in the litigation, Plaintiff requested that the Court protect his medical records from discovery by Defendants, (Docs. 51, 52). On July 25, 2013, Judge Garza denied his request and ordered him to release any records and documents relating to his medical needs, treatment, and claims, specifically including, but not limited to, "the period of his incarceration at CNMCF and WNMCF" to Defendants. (Doc. 59 at 5–7).

Plaintiff refused to provide Defendants a medical authorization, and the Court compelled Plaintiff to execute a medical release for Plaintiff's medical records from "2009 to present day." (Doc. 69). Plaintiff subsequently filed an executed copy of the second page of the medical authorization form, but wrote on the form that he was limiting access to his medical records to the time period "2011-March-Jan[ua]ry 2012," and that he was not in prison in 2009. (Doc. 72 at 4).

Defendants filed the subject Motion to Dismiss, requesting this Court dismiss Plaintiff's claims with prejudice pursuant to FED. R. CIV. P. 37(b) for Plaintiff's failure to execute and return the medical authorization as ordered by the Court. (Doc. 73). Defendants pointed out that Plaintiff has been provided with the medical authorization three times, and ordered to provide a full medical release twice by Judge Garza. (Doc. 73 at 4). Judge Garza ordered Plaintiff to show cause for his failure to comply with her orders, and warned him that the allegations in the Motion to Dismiss, if true, provide a basis upon which Plaintiff may be subject to sanctions under FED. R. CIV. P. 37, including dismissal of his case with prejudice. (Doc. 86 at 2). In her PFRD, Judge Garza considered, pursuant to *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992), (i) the degree of actual prejudice to the defendants; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. (Doc. 104). She concluded that the *Ehrenhaus* factors favor dismissal and recommended that this Court dismiss this case with prejudice. (Doc. 104).

## II.    Objections

In his Objections, Plaintiff mostly reiterates the facts and case law he relies on to

3

support his underlying claim, and asks the Court to find in his favor based on the filings and

evidence he has submitted. (Doc. 107). He also apologizes to Judge Garza, but again

blames Defendants' attorneys for trying to "pull one [over] on me" and his *pro se* status as

the reasons for the discovery order violations. (Doc. 107 at 5). He states that he will

authorize Defendants access to his VA records going back to 2009, as well as the rest of his

records, while maintaining that he really never refused authorization because Defendants

already have all of his medical records. (Doc. 108 at 1, 2). He attached the first page of the

two-page medical authorization and signed the bottom of it, but limits the release to only his

"VA records," and requests that the Court allow him to "start over." (Doc. 108 at 4, 5).

Defendants respond that Plaintiff has not objected to the PFRD on the basis that

Judge Garza misapplied the *Ehrenhaus* factors or any of the facts she relied on in her

analysis of the Motion to Dismiss. Defendants point out that the new authorization attached

to the Objections is an incomplete page, and is consistent with Plaintiff's previous attempts

at limiting access to his medical records through a partial medical authorization that violates

the Court's orders. (Doc. 111 at 2). Defendants also argue that they have been prejudiced by

this litigation and subject to "a legion of motions and the costs involved, including motions for

summary judgment, all the while [Plaintiff] refus[es] to comply with the Court's Orders." (Doc.

111 at 2).

In Plaintiff's Reply, he requests summary judgment in his favor, states that he is

prejudiced because he is *pro se,* requests continuance of this matter or extensions, requests

oral argument on his claims, asks the Court to appoint him legal counsel, claims he is

prejudiced by not being allowed to inspect his own medical records, maintains that the

Defendants actually have his medical records, and alleges that Defendants' attorneys are

trying to trick and bully him. (Docs. 109–110, 115–17, 119–20).

Plaintiff has not objected to any of Judge Garza's findings or her application of the *Ehrenhaus* factors to the procedural facts of this case. Instead, Plaintiff contends that he is apologetic for his misunderstanding of the proceedings and that he is willing to authorize release of his medical records. But again, Plaintiff has attached a partial and incomplete release of his medical records, and fails to understand that Defendants do not have actual or constructive possession of his medical records from the prison just because they are, or were, prison employees.

The Court has reviewed Judge Garza's application of the *Ehrenhaus* factors in light of the conduct of the parties in this case, and finds that Plaintiff's purported newfound willingness to comply with the Court's discovery orders does not change the outcome of Judge Garza's analysis. Defendants have shown they are significantly prejudiced by Plaintiff's habitual filings and stigmatizing allegations. Plaintiff's recalcitrance has delayed discovery by almost seven months, and would continue to cause delay if this case were allowed to proceed because he has still not completed the medical authorization properly. While Claimant excuses his prior conduct because he is *pro se*, he continues to cast blame on Defendants, and now refuses to authorize Defendants access to his prison medical records. While it is true that a *pro se* litigant's pleadings are held to a less stringent standard than those drafted by lawyers and are construed liberally by the Court, it is not the proper function of the Court to assume the role of advocate for Plaintiff. *See Hall v Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff shows great unwillingness to cooperate with the Court or Defendants in proceeding with litigation. Further, Judge Garza sufficiently warned Plaintiff his case could be dismissed with prejudice and provided him ample opportunity to

comply with her discovery orders. Finally, Plaintiff has not provided argument that a lesser sanction than dismissal is appropriate.

The Court has reviewed the record *de novo*, in addition to the PFRD and the parties' Objections, Response, and Surreply, and finds that they do not contain any arguments that would change the Magistrate Judge's analysis. The Court finds that the Magistrate Judge correctly understood and analyzed the record, and that Plaintiff's stated willingness to comply with court orders does not change her application of the *Ehrenhaus* factors. Therefore, dismissal of this case, with prejudice, is an appropriate sanction for Plaintiff's violation of discovery orders.

III.    **Conclusion**

**IT IS HEREBY ORDERED** that United States Magistrate Judge's *Proposed Findings and Recommended Disposition*, (Doc. 104), be **ADOPTED**.

**IT IS FURTHER ORDERED** that *Defendants Deming and Laraia's Motion to Dismiss*, (Doc. 73), be **GRANTED**, and that Plaintiff's claims against all Defendants in this matter be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.


_____
HONORABLE JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE


6